# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY ROY MATTHEWS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 11-09903 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Percy Roy Matthews filed this action on December 2, 2011. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on January 5 and 13, 2012. (Dkt. Nos. 8, 9.) On October 14, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court remands this matter to the Commissioner for proceedings consistent with this Opinion.

# I.

## PROCEDURAL BACKGROUND

On December 28, 2007, Matthews filed applications for disability insurance benefits and supplemental security income.[1] AR 16. Both applications alleged a disability onset date of December 14, 2006. AR 16, 101, 109. The applications were denied. AR 16, 67-68. Matthews requested a hearing before an Administrative Law Judge ("ALJ"). AR 74-75. On April 8, 2009, the ALJ conducted a hearing at which Matthews and a vocational expert ("VE") testified. AR 26-66. The ALJ held the record open for thirty days to allow Matthews to submit additional medical records. AR 65. On July 30, 2009, the ALJ issued a decision denying benefits. AR 13-25. On September 20, 2011, the Appeals Council denied Matthews' request for review. AR 1-5. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

---

[1] Matthews filed prior applications for disability insurance benefits and supplemental security income, but the Request for Hearing was dismissed on procedural grounds. Administrative Record ("AR") 16, 145. Matthews did not appeal the dismissal. AR 16.

evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

### III.
### DISCUSSION

#### A.   Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

#### B.   The ALJ's Findings

The ALJ found that Matthews has the severe impairments of bilateral carpal tunnel (severe on the left and moderate to severe on the right) and bilateral mild upper extremities neuropathy.  AR 19.  Matthews has the residual functional capacity ("RFC") to perform medium work that involves occasional gross and fine manipulation with his hands.  AR 20.  He cannot perform his past relevant work.  AR 23.  There are jobs that exist in significant numbers in the national economy that he can perform such as copy messenger, host, and bakery worker on conveyor belt.  AR 24-25.

#### C.   Treating Physicians

Matthews contends the ALJ erred by failing to give specific and legitimate reasons for rejecting the opinions of his treating physicians, Dr. Desai, Dr. Ghazarian, Dr. Lai and Dr. Garduno.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To reject an uncontradicted opinion of a treating physician, an ALJ must state clear

3

and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

### 1. Dr. Desai

Matthews contends the ALJ failed to comment on the opinions expressed by Dr. Desai, a treating physician at the Glendale Community Free Health Clinic.

The record contains two reports from Dr. Desai, a doctor in internal medicine. AR 329-30, 331, 337. On September 5, 2007, Dr. Desai completed a form for the California Employment Development Department. Dr. Desai reported that Matthews had been a patient since February 2007 and he saw Matthews every three months. AR 331. He diagnosed Matthews with severe carpal tunnel on left wrist and not severe on right wrist, confirmed by EMG-NCS. *Id.* Matthews took medication for pain management and would be given a wrist splint. *Id.* Matthews was referred to surgery for possible intervention and was awaiting an orthopaedic evaluation. *Id.* Matthews had been incapable of performing his regular work for the previous four months. *Id.* He estimated Matthews' disability should end in May 2008. AR 337.

On March 5, 2008, Dr. Desai prepared a medical report for the County Welfare Department. AR 329-30. Dr. Desai reported Matthews was temporarily "incapacitated from work," meaning that a "disability prevents or substantially reduces [Matthews'] ability to engage in full time work, training, or provide

4

necessary care for his . . . child(ren)." AR 329.  Dr. Desai diagnosed Matthews with severe carpal tunnel syndrome of both hands that affects "his ability to work at any job requiring use of *arms.*"  *Id.* (emphasis in original).  *Id.*  Matthews "may improve with physical therapy in ~ 1 year."  AR 329.  Matthews had been seen by orthopaedic specialists who referred him to physical therapy.  He estimated Matthews would be able to perform his regular or customary work in "probably 1 year."  *Id.*

The ALJ did not reference Dr. Desai's reports or his opinion that Matthews was incapacitated from work and that severe carpal tunnel syndrome affected his ability to work at any job requiring use of arms.  The Commissioner argues the ALJ did not need not to reject Dr. Desai's opinion specifically because Dr. Desai did not opine as to how Matthews' diagnoses affected his ability to work.  JS 19 (citing 20 C.F.R. § 404.152(c)(1); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).  Dr. Desai specifically stated that the severe carpal tunnel syndrome affected Matthews' ability to perform jobs requiring use of arms.  AR 329.  The ALJ was not free to ignore Dr. Desai's opinion and whether it conflicted with the RFC assessment.  *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) (ALJ cannot avoid requirements for consideration of treating physician "simply by not mentioning the treating physician's opinion and making findings contrary to it").  This matter must be remanded for consideration of Dr. Desai's opinions.

**2.  Dr. Ghazarian**

The record contains two reports from Dr. Ghazarian, medical director of the Glendale Community Free Health Clinic.  AR 332, 338-39.  As the ALJ noted, the reports, dated September 16, 2008 and March 24, 2009, are generally the same.  AR 22, 332, 338-39.

Dr. Ghazarian reported that Matthews had been a "regular patient" at the clinic since January 2008.  AR 22, 332, 338.  Dr. Ghazarian noted the August

5

2007 diagnoses by Dr. Lin of the Los Angeles County/USC Medical Center Neurophysiology Lab of bilateral carpal tunnel syndrome (severe on the left and moderate-to-severe on the right) and bilateral mild upper extremities neuropathy. AR 21, 332, 338. At about the same time, Matthews experienced bilateral circulatory problems in his upper extremities, which was later "recognized" as Reynaund's Phenomenon and likely triggered by long standing untreated carpal tunnel syndrome. AR 21, 332, 338-39. Matthews was diagnosed with migraine headaches in 2007. AR 332, 339. Matthews treated with daily with Neurontin and Amlodipine, which partly alleviated the symptoms. AR 21, 332, 339. Dr. Ghazarian opined that Matthews' symptoms "are likely to remain for a year or more." AR 21, 332.

The ALJ gave "very little weight" to the reports. AR 22. The ALJ found Dr. Ghazarian's opinion vague and "not clear as to what [Matthews'] limitations, if any, are." *Id.* He found the opinion "without any supporting objective findings or treatment notes. *Id.*

The ALJ's finding that Dr. Ghazarian's opinion was not supported by objective findings appears to be incorrect as to bilateral carpal tunnel syndrome. Dr. Ghazarian expressly relied upon Dr. Lin's diagnosis at L.A. County/USC Medical Center Neurophysiology Lab. AR 332. Dr. Lin's studies are in the record. AR 340-41. The EMG/NCS of the bilateral upper extremities were abnormal. Matthews had bilateral carpal tunnel syndrome, severe on the left and moderate-to-severe on the right. The studies also indicated bilateral mild ulnar neuropathy, left worse than the right. AR 341. In a follow-up visit, Matthews was considered a surgery candidate. AR 243. Thus, the ALJ's statement that "[n]o carpal release surgery has ever been recommended or suggested" appears to be incorrect. AR 21. Because this matter is being remanded for consideration of Dr. Desai's opinion, the ALJ is free to reconsider Dr. Ghazarian's opinion in light of the medical records from L.A. County/USC Medical Center.

### 3. Drs. Lai and Garduno

The record contains a Claim for Disability Insurance Benefits completed by Dr. Lai, a doctor in internal medicine. AR 336. Dr. Lai states he saw Matthews once, on January 22, 2007, in the emergency room for "complaints of bilateral hand pains and symptoms suggesting Reynald's [sic] Phenomenon." *Id.* Matthews' symptoms prohibited him from lifting "objects during specific conditions that cause his hands to ache with throbbing pain." *Id.* He treated Matthews with Norvasc 10 mg. *Id.* He found Matthews incapable of performing his regular or customary work as of January 22, 2007 and anticipated releasing Matthews to work on April 22, 2007. *Id.*

The record contains a screening report, dated February 19, 2009, from Dr. Garduno. AR 96. Dr. Garduno diagnosed Matthews with vascular disorder and neuropathy, chronic, possibly secondary to carpal tunnel syndrome. *Id.* He reported Matthews was temporarily disabled from February 19 to May 19, 2009. *Id.*

On remand, the ALJ is free to consider the opinions of Dr. Lai and Dr. Garduno.

### D. Credibility

Matthews contends the ALJ improperly discounted his subjective testimony.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn*, 495 F.3d at 635 (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13)[2] (quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

Here, the ALJ made no finding of malingering. *See generally* AR 16-25. Contrary to Matthews' contention,ced that Matthews alleged

---

[2] "Social Security Rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

8

symptoms, including pain, swelling, and tingling in his hands, that prevented him from working since 2006. AR 22, 40-41; JS 25. The ALJ discounted Matthews' credibility for essentially three reasons: (1) lack of supporting objective medical evidence; (2) conservative treatment; and (3) daily activities inconsistent with the subjective allegations. AR 22-23.

Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Because this matter is being remanded for consideration of treating physicians' opinions, this factor should be reconsidered on remand.

An ALJ may discount a claimant's testimony based on evidence of conservative treatment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *see also Orn*, 495 F.3d at 638. The ALJ found that no physician had suggested or recommended carpal tunnel release surgery. AR 21-22. However, Matthews was referred to an orthopaedic evaluation for possible surgical intervention in September 2007 (although orthopaedics ultimately recommended physical therapy, not surgery). AR 330-31. The ALJ did not mention the treatment note of October 2007 stating: "discussed with patient that he is operative candidate. Pt has failed splints meds injections. Pt would like to think about surgery and return." AR 243.[3] Although the ALJ found that Matthews takes only medication for the tingling pain in his hands (AR 21, 284, 331-32, 336), the record indicates Matthews had a wrist splint and medication only partly alleviated his symptoms. AR 41, 331-32. The ALJ should reconsider this factor on remand.

---

[3] The ALJ did not discount Matthews' credibility due to any failure to obtain treatment. Matthews testified he could not afford to go to recommended therapy. AR 41.

9

The ALJ may consider a claimant's daily activities when weighing credibility. *Bunnell*, 947 F.2d at 346. The ALJ noted that despite Matthews' claims of debilitating symptoms, "[h]is daily activities are not significantly restricted." AR 22. Matthews testified that he attends Glendale Community College, uses the bus to get to the college, and attends classes in geometry, algebra and English two to three hours a day. AR 22, 45. He writes or uses a computer to complete his assignments, but sometimes has difficulty. AR 22, 45-46. He does not receive special consideration in class based on his hand problems. AR 22-23, 51. He exercises by jogging short distances. AR 23, 48. Contrary to Matthews' argument, the ALJ may properly consider his daily activities. Those activities, particularly those involving use of his hands, are facially relevant to the ALJ's finding that Matthews could perform work limited to occasional gross and fine manipulations with his hands. AR 24.

### E. The ALJ's RFC Determination

Matthews contends the ALJ erred by not including in his RFC determination all of Matthews' impairments. He claims the ALJ failed to include pain or consider the combined effect of pain and his carpal tunnel syndrome.

The RFC determination measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The determination is "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e)(2). The RFC takes into account both exertional limitations and non-exertional limitations. "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas*, 278 F.3d 947, 956-57 (citation and quotation marks omitted).

The ALJ's RFC determination was that Matthews could do medium work with occasional gross and fine manipulations with his hands. AR 20. The ALJ

specifically considered Matthews' pain and the combined effect of pain and Matthews' carpal tunnel syndrome when determining the RFC. AR 20-22. Because this matter is being remanded, the ALJ is free to reconsider the RFC on remand.

### F. Hypothetical to the VE

Matthews contends the ALJ erred because he posed a hypothetical to the VE based upon an RFC that did not encompass all of Matthews' impairments.

The ALJ may rely on testimony a VE gives in response to a hypothetical that describes "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217. The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

On remand, the ALJ is free to revisit the issue of his hypothetical to the VE if appropriate.

## IV.
## ORDER

IT IS HEREBY ORDERED that this matter is remanded for further proceedings consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 4, 2013

                                     ALICIA G. ROSENBERG
                                     United States Magistrate Judge